[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-11617
Non-Argument Calendar

_____

D. C. Docket No. 03-00448-CR-T-23-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT REYNOLDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 4, 2006)**

Before ANDERSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Robert Reynolds appeals his conviction for conspiring to possess with intent

to distribute controlled substances, in violation of 21 U.S.C. §§ 846,

841(b)(1)(A)(ii). Reynolds asserts the evidence presented was insufficient to support his conviction. We affirm the district court.

We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict.[1] *United States v. Hernandez*, 433 F.3d 1328, 1332 (11th Cir. 2005). Section 846 of Title 21 of the United States Code provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

Specifically, Reynolds was charged with conspiring to possess with intent to distribute five kilograms or more of cocaine; in violation of 21 U.S.C. § 841(b)(1)(A)(ii).

To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt: (1) that an agreement existed between the defendant and one or more persons; (2) the object of which is to do either an unlawful act or a lawful act by unlawful means. *United States v. Mercer*, 165 F.3d 1331, 1333 (11th Cir. 1999). "Participation in a

---

[1] Because Reynolds moved for judgment of acquittal at the close of the Government's case and within seven days after the guilty verdict he preserved his right of appellate review. *See United States v. Allison* 616 F.2d 779, 784 (5th Cir. 1980) (holding a Rule 29(c) motion made within seven days after the guilty verdict is sufficient to preserve an appellant's right to appellate review).

criminal conspiracy need not be proved by direct evidence; a common purpose and plan may be inferred from a development and collocation of circumstances." *United States v. Perez-Tosta*, 36 F.3d 1552, 1557 (11th Cir. 1994) (quotations and citations omitted). "Guilt may exist even when the defendant plays only a minor role and does not know all the details of the conspiracy." *Id*. We have held "uncorroborated testimony of an accomplice is sufficient to support a conviction . . . if it is not on its face incredible or otherwise insubstantial." *United States v. LeQuire*, 943 F.2d 1554, 1562 (11th Cir. 1991).

Michael Arline, a principal offender in the drug distribution organization with which Reynolds allegedly conspired, provided uncontradicted testimony at trial that between 1999 and July 2003, he fronted approximately ten kilograms of cocaine to Reynolds, and the drugs were for resale, not to be used for Reynolds' personal consumption. Jeremie Malvoisin, another offender in the drug distribution organization with which Reynolds allegedly conspired, testified he went to Reynolds' barbershop with Arline twice to deliver cocaine. Based on this evidence, a jury could reasonably infer there was an agreement between Arline and Reynolds, the object of which was to sell a controlled substance in violation of federal law.

Because each of the elements of the charged offenses was sufficiently proven, Reynolds failed to demonstrate a reasonable jury could not have found beyond a reasonable doubt he committed the offense for which he was convicted. Accordingly, we affirm Reynolds' conviction.

AFFIRMED.